UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                                    Chapter 11

261 East 78 Lofts LLC,                                          Case No.

                              Debtor.
------------------------------------------------------------------x

## DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULES

       Lee Moncho declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

       1.      I am the current 100% member of 261 East 78 Lofts LLC (the "Debtor"), and as such I am fully familiar with the facts and circumstances set forth below.

       2.      I respectfully submit this Declaration in accordance with Local Bankruptcy Rules in support of the Debtor's filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

### Material Events Leading to the Need for Chapter 11

       3.      The Debtor, which owns a six-story medical office building in Manhattan ("Property"), has been victimized by a myriad of duplicitous actions committed by Chaim Miller and Sam Sprei. Unfortunately, I am apparently one of their early victims.

       4.      More particularly, in 2014, an individual by the name of Sam Sprei was first recommended to me by my then attorney, Jonathan Pasternak, Esq., as a potential "take-out" lender, who offered to provide the exit financing to enable the Property to emerge from an earlier Chapter 11 case before the Hon. Robert E. Gerber (261 East 78 Realty Corporation, Case No. 11-15624). Mr. Pasternak represented 261 East 78 Realty Corporation in this bankruptcy and filed

an amended plan to restructure the existing debt. The Property was subject to a prior mortgage held by MB Financial Bank NA ("MB").

5. As part of the reorganization plan, I negotiated with MB for a discounted payoff of $10,700,000. I was expecting Sam Sprei to act as the "take-out lender" and fund the total sum of $14 million, including a new loan of $10 million plus fresh capital of $4 million. Just prior to the scheduled closing, Sam Sprei advised me, for the first time, that the actual take-out lender would be affiliates of Madison Realty Capital, at "hard-money" rates, and Chaim Miller (Sprei's partner) did not have all of his required $4 million of new capital.

6. By that point, however, I had no practical alternative except to proceed with Madison Realty Capital, which organized various lending affiliates (SDF85 78th Street 1 LLC and SDF85 78th Street 2 LLC) to satisfy the MB mortgage debt. The Debtor itself was formed as the new fee owner of the Property in furtherance of the confirmed plan. I retained a 37.5% membership interest in the Debtor, and Chaim Miller, through 261 Lofts Manager LLC, became the other 62.5% member based upon his promise to deliver all of the required new capital.

7. Although, the exit mortgage financing was not supposed to exceed $10 million, Sam Sprei surreptitiously split off one of the MB mortgages in the sum of $1,750,000 and first assigned it to one of his companies (261 C Note Buyer LLC), and then re-assigned it to one of his business associates (Joseph Zelik).

8. This was done without my knowledge and in violation of the Debtor's Operating Agreement and the confirmed plan in the 261 East 78 Realty Chapter 11 case. The seeds of unrest were laid with the unauthorized mortgage transaction involving Joseph Zelik which ultimately became the subject of pending litigation in the State Court.

9. Chaim Miller did not stop with Joseph Zelik. Thereafter, Miller also improperly transferred a part of his membership interest in 261 Lofts Manager LLC to Chung Peter Dong for the sum of $1 million. This transfer was also done in violation of the Operating Agreement and without my knowledge or consent.

10. Last year, with multiple litigations looming, I received a series of promises and commitments from Chaim Miller (all of which were later breached) to remedy and reverse the improper transfers involving Joseph Zelik and Chung Peter Dong.

11. Chaim Miller executed a written escrow agreement on September 30, 2015, whereby I received an assignment of Mr. Miller's membership interest in 261 Lofts Manager, subject to potential reassignment back to Mr. Miller so long as Mr. Miller honored his financial commitments to obtain, *inter alia*, a satisfaction of the disputed Zelik mortgage and a settlement with Mr. Dong releasing any claim to a membership interest in 261 Lofts Manager LLC.

12. The assignment of the membership interest in 261 Lofts Manager was originally held in escrow by Mr. Pasternak pending a deadline of December 31, 2015 for Mr. Miller to deliver the above items.

13. In typical fashion, however, Mr. Miller failed to comply with any of his commitments before the December 31, 2015 deadline under the Escrow Agreement. As a result, Mr. Miller forfeited any ability to regain his membership interest in 261 Lofts Manager LLC and Mr. Pasternak became obligated to deliver the assignment of Chaim Miller's membership interest to me on December 31, 2015.

14. Mr. Pasternak failed to do so and instead commenced an interpleader suit, contending that there is a purported "dispute" concerning the status of Mr. Miller's membership interest in 261 Lofts Managers LLC, when in fact his multiple defaults are clear and unequivocal. The interpleader was manufactured by Chaim Miller as a subterfuge to wrongly undermine my sole authority to act on behalf of the Debtor after December 31, 2015.

15. In a case of unrepentant hypocrisy, Mr. Miller claims that the escrow agreement purportedly violated a consent injunction in the HS 45 John case, even though the agreement constituted one of the ancillary agreements involving Madison Realty Capital and Mr. Dong that was permitted by the injunction.

16. With the ensuing dissolution of the consent injunction in the HS 45 John case, the Debtor has now engaged Kevin J. Nash, Esq. of the firm Goldberg Weprin Finkel Goldstein LLP to represent the company and file this Chapter 11 petition. Mr. Nash has wide experience in dealing with Mr. Miller and Mr. Sprei and will proceed to sell the Property in Chapter 11 so potential mounting mortgage interest does not eliminate the residual equity in the Property.

17. Once the Property is sold, the rights of all of the parties can be addressed. It is the Debtor's position that Mr. Miller's assignment of his membership interest in 261 Lofts Manager LLC is and remains fully effective as of December 31, 2015, when Mr. Miller defaulted. As such, Mr. Miller forfeited any authority to act on behalf of 261 Lofts Manager LLC.

18. In fact, it would be a breach of any sense of fiduciary responsibility to allow the Property to wallow in a sea of litigation and possible foreclosure. Hence, the need for the Chapter 11 filing.

## Assets and Capital Structure

19. Pursuant to Bankruptcy Rule 1007(d), a list containing the names and addresses of the creditors holding the twenty (20) largest unsecured claims against the Debtor is attached to the Petition.

20. The Debtor's secured creditors, (all of which are disputed) are listed in the accompanying schedules.

21. The Property is occupied by seven medical tenants generating a combined annual rent roll of $1,173,847. The Property has a current value of at least $20 million and remains under my management. Softstone, which is a Miller affiliate, is nominally listed as co-manager, but has not functioned in this capacity since March 2015.

22. All of the Debtor's books and records are maintained at my offices at 80 Park Avenue, New York, New York.

23. The Debtor has no employees and I do not receive a salary. While I am eligible for a management fee equal to 4.5% of rent per month, I have not received any such fees since February 2015, which at the time were 1.5% per month.

24. A proposed 30 day operating budget will be furnished in connection with an anticipated cash collateral stipulation to be negotiated with the lending affiliates of Madison Capital Realty.

## Reorganization Strategy

25. The Debtor's strategy is relatively straightforward: to proceed to sell the Property as soon as possible and thereafter address the various competing claims to the proceeds. Further delay only erodes the equity in the Property to the detriment of legitimate creditors and equity holders.

Dated: New York, NY
June 2 2016

_____
Lee Moncho

x:\gwfg\new data\yen\word\moncho, lee - 261 east 78 lofts llc\local rule affidavit 06-02-16 v3.doc

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                          Chapter 11

261 East 78 Lofts LLC,                                                Case No.

                                        Debtor,
------------------------------------------------------------x

## COMPANY RESOLUTION

At a special meeting of the eligible members of 261 East 78 Lofts LLC, (the "Company") held on June 2, 2016 and upon the consent of all of the eligible members present, and after a motion duly made and unanimously carried, it is:

**RESOLVED**, that Lee Moncho as the current holder of all of the membership interest of the Company is authorized and empowered to cause the filing of a petition to be made on behalf of the Company under Chapter 11 of the U.S. Bankruptcy Code and that the same is in the best interests of the Company and its creditors; and it is further

**RESOLVED**, that Lee Moncho is authorized to take all necessary and proper action in connection with the prosecution of the Chapter 11 petition on behalf of the Company, including the retention of the law firm of Goldberg Weprin Finkel Goldstein LLP as bankruptcy counsel for that purpose.

Dated: New York, New York
       June 2, 2016

                                    261 East 78 Lofts LLC

                                    By: _____
                                          Lee Moncho, Manager

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                          Chapter 11

261 East 78 Lofts LLC,                                          Case No.

                                       Debtor.
-----------------------------------------------------------x

## EQUITY INTEREST HOLDERS

Lee Moncho          Combined 100% Membership Interest held by Lee Moncho individually at 37.5% and as the sole member of 261 Lofts Manager LLC which holds the remaining 62.5%

Dated: New York, New York
       June 2, 2016

                              261 EAST 78 LOFTS LLC

                         By: _____
                               Lee Moncho, Manager

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                              Chapter 11

261 East 78 Lofts LLC,                                              Case No.

                                    Debtor.
-------------------------------------------------------------x

## RULE 7.1 CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, 261 East 78 Lofts LLC, the Debtor herein, certifies that it is a private non-governmental party, and has no corporate parent, affiliates and/or subsidiaries which are publicly held.

Dated: New York, New York
       June __, 2016

                                    261 East 78 Lofts LLC

                                    By: _____
                                        Lee Moncho, Manager

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                              Chapter 11

261 East 78 Lofts LLC,                                              Case No.

                            Debtor.
-----------------------------------------------------------x

## SCHEDULE OF PENDING LAWSUITS

1. Delbello Donnellan Weingarten Wise & Wiedekehr LLP v. Miller and Moncho, Index No. 50229 – 2016 Sup. Ct. West County.

2. Zelik v. 261 East 78 Lofts LLC, etc.
   Index No. 850196-2015, Sup. Ct. N.Y. County.

   Attorney for Plaintiff:
   Benjamin Fink, Esq.
   233 Broadway, Ste. 810
   New York, NY 10279

3. SDF 85 78th Street 1 LLC, v. 261 East 78 Lofts LLC
   Index No. 850231-2015, Sup. Ct. N.Y. County.

   Attorney for Plaintiff:
   Kriss & Feuerstein LLP
   360 Lexington Avenue
   New York, NY 10017

Dated: New York, New York
       June __, 2016

                              261 East 78 Lofts LLC

                              By: _____
                                  Lee Moncho, Manager

Fill in this information to identify the case:

Debtor name: 261 East 78 Lofts LLC
United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION
Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 204
### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Chun Peter Dong 3720 Prince St Flushing, NY 11354-4415 | | | Disputed | | | $1,000,000.00 |
| Dr. Sebastian Lighvani 261 E 78th St Fl 4 New York, NY 10075-1216 | | | | | | $125,000.00 |
| Dr. Brian Chung 261 E 78th St Fl 5 New York, NY 10075-1216 | | | | | | $98,000.00 |
| Mando NY LLC 261 E 78th St Fl 6 New York, NY 10075-1216 | | | | | | $57,000.00 |
| Zaniac 261 E 78th St Fl 3 New York, NY 10075-1216 | | | | | | $32,000.00 |
| Equilibrium LLC 261 E 78th St Fl 2 New York, NY 10075-1216 | | | | | | $32,000.00 |
| Dr. K Michel 261 E 78th St Fl 1 New York, NY 10075-1216 | | | | | | $24,000.00 |
| Dongbu Insurance 1010 Northern Blvd Ste 238 Great Neck, NY 11021-5329 | | | | | | $20,465.00 |

Debtor  **261 East 78 Lofts LLC**
       Name

Case number *(if known)* _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| E Squared<br>261 E 78th St Lowr<br>New York, NY<br>10075-1216 | | | | | | $9,000.00 |
| JJL Management LLC<br>80 Park Ave Apt 2F<br>New York, NY<br>10016-2542 | | | | | | $7,857.00 |
| NYC Dep't of Finance<br>Legal Affairs<br>345 Adams St Fl 3<br>Brooklyn, NY<br>11201-3719 | | | | | | $7,278.00 |
| SoftStone<br>1350 43rd St<br>Brooklyn, NY<br>11219-1407 | | | Disputed | | | $4,500.00 |
| Metro Electrical & Fire<br>150 52nd St<br>Brooklyn, NY<br>11232-4317 | | | | | | $3,944.00 |
| Start Elevator<br>4350 Bullard Ave<br>Bronx, NY<br>10466-1308 | | | | | | $3,000.00 |
| PAR Plumbing 3Q<br>60 N Prospect Ave<br>Lynbrook, NY<br>11563-1336 | | | | | | $2,994.00 |
| Con Ed<br>JAF Station<br>PO Box 1702<br>New York, NY<br>10116-1702 | | | | | | $2,169.00 |
| Meisels<br>1651 Coney Island Ave<br>Brooklyn, NY<br>11230-5849 | | | | | | $2,000.00 |
| Design 2147<br>52 Diamond St<br>Brooklyn, NY<br>11222-4102 | | | | | | $1,700.00 |
| Safety Fire Sprinkler<br>1070 38th St<br>Brooklyn, NY<br>11219-1011 | | | | | | $1,069.00 |

Official form 204     Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims     page 2

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

| Debtor | 261 East 78 Lofts LLC | | | Case number *(if known)* | | |
|---|---|---|---|---|---|---|
| | Name | | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Severud 469 Fashion Ave New York, NY 10018-7605 | | | | | | $1,000.00 |