UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                 Chapter 11

261 East 78 Lofts LLC,                                      Case No. 16-11644 (SHL)

                                        Debtor.
------------------------------------------------------------x

## APPLICATION TO EMPLOY EASTERN CONSOLIDATED
## AS REAL ESTATE BROKER

The application of 261 East 78 Lofts LLC (the "Debtor") in support of the pre-fixed order seeking authorization to employ and retain Eastern Consolidated as real estate broker, represents and shows this Court as follows:

1.  The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 3, 2016, and has continued in possession and management of its assets as a Debtor-in-possession pursuant to U.S.C. §§1107 and 1108.

2.  The Debtor owns a six-story medical office building in Manhattan at 261 East 78th Street, New York, New York (the "Property"). The goal of the Chapter 11 case is to quickly market and sell the Property based upon a competitive bidding process.

3.  To that end, the Debtor seeks to retain Eastern Consolidated to serve as the real estate broker for the intended sale pursuant to the attached agreement (the "Listing Agreement"), annexed hereto as Exhibit "A". In contemplation of its retention, Eastern Consolidated is referenced as the broker under the proposed plan of reorganization recently filed by the Debtor on September 1, 2016.

4.  The Listing Agreement originally provided for, *inter alia*, a proposed brokerage commission equal to 3% of the sale price. Following the last status conference on July 11, 2016, the Debtor revisited the issue of the amount of the commission with Eastern

Consolidated after a comment was made by the attorneys for one of the disputed creditors that Eastern Consolidated had previously worked for a 1% commissions.

5. While the representatives of Eastern Consolidated disputed this contention, the Debtor obtained a further accommodation relating to commissions. Specifically, Eastern Consolidated has now agreed to reduce its commission to 2.5% with respect to a sale for a price up to $19,750,000, and 3.0% on a sale equal to or greater than $19,750,000. In the event of a co-broker, the combined commission shall be 3.0% on a sale up to $19,750,000, and 3.5% on a sale equal to or greater than $19,750,000.

6. This reduced commission formula incentivizes Eastern Consolidated to obtain a targeted price of $20 million, and provides a reduction for the Debtor if this does not occur. The Debtor believes that the accommodation further solidifies the overall reasonableness of the commission formula.

7. Eastern Consolidated is a well-regarded brokerage firm, with strong ties in the Manhattan commercial market. Accordingly, it is the Debtor's view that Eastern Consolidated has the experience and contacts to perform effective services on behalf of the estate.

8. The Debtor is advised that Eastern Consolidated has no prior relationship with the Debtor, or any of the Debtor's creditors or equity holders. Accordingly, Eastern Consolidated does not hold an interest adverse to the Debtor's estate and is sufficiently disinterested to serve as the real estate broker in this Chapter 11 case.

WHEREFORE, the Debtor prays for entry of the pre-fixed order, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 6, 2016

GOLDBERG WEPRIN FINKEL
GOLDSTEIN LLP
*Attorneys for Debtor*
1501 Broadway, 22nd Fl.
New York, NY 10036

By: /s/ Kevin J. Nash, Esq.