UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                      Chapter 11

261 East 78 Lofts LLC,                                      Case No. 16-11644 (SHL)

                            Debtor.
------------------------------------------------------------x

## ORDER AUTHORIZING RETENTION
## OF ATTORNEYS FOR THE DEBTOR

Upon the application (the "Application") of 261 East 78 Lofts (the "Debtor") and the Declaration of Disinterestedness of Kevin J. Nash, Esq.; and good cause having been shown; and no adverse interest being represented; it is hereby

**ORDERED**, that the Debtor is authorized to employ and retain Goldberg Weprin Finkel Goldstein LLP, as its attorneys pursuant to 11 U.S.C. § 327(a), as of the commencement of this Chapter 11 case; and it is further

**ORDERED**, that all compensation awarded to Goldberg Weprin Finkel Goldstein LLP shall be subject to the provisions of 11 U.S.C. §§ 330 and 331 and applicable Bankruptcy Rules; and it is further

**ORDERED**, that Goldberg Weprin Finkel Goldstein LLP shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to Goldberg Weprin Finkel Goldstein LLP; and it is further

**ORDERED**, that ten business days' notice must be provided by Goldberg Weprin Finkel Goldstein LLP to the Debtor, the United States Trustee and any official committee prior to any increases in the rates set forth in the application, and such notice must be filed with the Court. Such notice shall explain the basis for the requested rate increases in accordance with

Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code.

Dated: New York, New York
       October __, 2016

                                       _____
                                       Hon. Sean H. Lane

NO OBJECTION:

OFFICE OF UNITED STATES TRUSTEE
10/21/2016

By:     /s/ Brian Masumoto, Esq.