UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                    Chapter 11

261 E 78 Lofts LLC,                                              Case No. 16-11644 (SHL)

                                    Debtor.
----------------------------------------------------------x

# ORDER GRANTING MOTION TO APPROVE
# STIPULATION AND CONSENT ORDER
# GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon the joint motion (the "Motion") (ECF #46) of 261 East 78 Lofts LLC, the debtor and debtor-in-possession herein (the "Debtor") and SDF85 78th Street 1, LLC ("SDF1") and SDF85 78th Street 2, LLC ("SDF2" and together with SDF1, the "Secured Creditors") seeking approval of a stipulation (the "Stipulation") providing relief from the Automatic Stay to the Secured Creditors under the terms and conditions set forth in the Stipulation; and good and proper service having been given; and following a hearing held before the undersigned on December 22, 2016, the record of which is incorporated by reference; and no opposition having been heard; it is hereby

ORDERED, that the Motion, be, and is hereby, Granted; and it is further

ORDERED, that the Stipulation, a copy of which is attached hereto as Exhibit "A", is hereby approved in its entirety.

Dated: New York, NY
           January 3, 2017

                                                                    /s/ Sean H. Lane
                                                                    Hon. Sean H. Lane
                                                                    United States Bankruptcy Judge

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In re:

261 East 78 Lofts LLC,

                      Debtor.

_____

Case No. 1:16-11644-shl

Chapter 11

Hon. Sean H. Lane
United States Bankruptcy Judge

## STIPULATION AND CONSENT ORDER
## GRANTING RELIEF FROM THE AUTOMATIC STAY

261 East 78 Lofts LLC, the debtor and debtor-in-possession (the "Debtor") the above-referenced matter, along with SDF85 78th Street 1, LLC ("SDF1") and SDF85 78th Street 2, LLC ("SDF2" and together with SDF1, the "Secured Creditors", and together with the Debtor, the "Parties"), by and through their respective counsels, hereby enter into this *Stipulation and Consent Order Conditionally Granting Relief From the Automatic Stay* (the "Stipulation") conditionally granting the Secured Creditors relief from the automatic stay with respect to the Debtor's real property commonly known as 261 East 78th Street, New York, New York 10075, Block: 1433; Lot: 21 (the "Property"), subject to the approval of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). In connection with this Stipulation, the parties respectfully represent as follows:

**WHEREAS**, on or about February 27, 2014, SDF1 made a loan to the Debtor in the original principal sum of $8,500,000.00 (the "First Loan"), which was evidenced by that certain *Amended and Restated Note* (the "First Note") dated February 27, 2014, which was duly executed by the Debtor and given to SDF1;

**WHEREAS**, to secure repayment of the indebtedness evidenced by the First Note, on or about February 27, 2014, the Debtor further executed and delivered to SDF1 that certain

3

*Agreement of Spreader, Consolidation and Modification of Mortgage* (the "First Mortgage"), which encumbered the Property in the sum of $8,500,000.00, and which was First Mortgage was duly recorded in the Office of the City Register's Office of the City of New York, County of New York (the "City Register") on March 25, 2014 under CRFN: 2014000102145;

**WHEREAS**, on or about February 27, 2014, SDF85 78th Street 2, LLC ("SDF2") made a loan to the Debtor in the original principal sum of $1,500,000.00 (the "Second Loan" and together with the First Loan, the "Loans"), which was evidenced by that certain *Amended and Restated Note* (the "Second Note" and together with the First Note, the "Notes") dated February 27, 2014, which was duly executed by the Debtor and given to SDF2;

**WHEREAS**, to secure repayment of the indebtedness evidenced by the Second Note, on or about February 27, 2014, the Debtor further executed and delivered to SDF2 that certain *Agreement of Spreader, Consolidation and Modification of Mortgage* (the "Second Mortgage") and together with the First Mortgage, the "Mortgages" and together with the Notes, the "Loan Documents"), which encumbered the Property in the sum of $8,500,000.00, and which Second Mortgage was duly recorded in the City Register on March 25, 2014 under CRFN: 2014000102148;

**WHEREAS**, the Debtor defaulted under the terms of the Loans by (i) failing to remit the monthly payments of interest due on April 1, 2014 and each month thereafter, (ii) and failing to repay the Loans in full on or the both Loans maturity date of March 1, 2015 (the "Defaults");

**WHEREAS**, on June 24, 2015, SDF2 duly assigned all of its right, title and interest, in and to the Second Loan to SDF1 as evidenced by that certain *Assignment of Mortgage* (the "Assignment"), dated June 24, 2015, which was duly recorded in City Register on August 12, 2015 under CRFN: 2015000278861;

4

**WHEREAS**, as a result of the Defaults and the Debtor's failure to cure same, on or about July 29, 2015, SDF1 commenced an action to foreclose the Mortgages (the "Foreclosure Action") under Index No. 850231/2015, in the Supreme Court, State of New York, County of New York (the "State Court") in the matter styled *SDF85 78th Street 1, LLC a/k/a 261 EAST 78 Street Lofts, LLC et. al.*;

**WHEREAS**, on or about March 9, 2016, the State Court signed a Consent Judgment of Foreclosure and Sale (the "JFS") entitling SDF1 to foreclose on the Property;

**WHEREAS**, on June 3, 2016 (the "Petition Date"), the Debtor filed its petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, on October 26, 2016, the Secured Creditors filed their secured Proof of Claim in this case as Claim No. 7 in the Court's Claims Register, which reflects an aggregate balance due and owing under the Loans in the amount of $15,420,438.78 (the "Claim");

**WHEREAS**, in lieu of the Secured Creditors filing their application for relief from the automatic stay, the Parties have negotiated a settlement, the terms and conditions of which are set forth herein below.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED** by and between the Parties, which when "So-Ordered" by the Bankruptcy Court, shall constitute an Order of the Bankruptcy Court as follows:

1.     The foregoing recitals are incorporated herein by reference.

2.  <u>The Automatic Stay</u>. The automatic stay imposed in this case pursuant to 11 U.S.C. § 362(a) is hereby terminated, on consent, to permit the Secured Creditors, their successors and/or assigns, to exercise all rights available to them under applicable law, however, subject to the terms and conditions contained herein, the Secured Creditors shall refrain from taking any further efforts to foreclose the Mortgage until the earlier of (i) an uncured event of default hereunder, and (ii) January 31, 2017 (the "<u>Deadline</u>") subject to the Debtor's ability to exercise a one-time option to extend the Deadline pursuant to the terms and conditions discussed more fully below under Section 5. Notwithstanding anything to the contrary set forth herein, upon the entry of this Stipulation by the Bankruptcy Court, the Secured Creditors may seek to enter the already signed JFS.

3.  <u>Adequate Protection Payments</u>. The Debtor agrees to make or cause to be made the following payment of interest, so as to be received on the respective times set forth below, TIME BEING OF THE ESSENCE, by delivering funds made payable directly to *SDF85 78th Street 1, LLC c/o* Madison Realty Capital at 825 Third Avenue, 37th Floor, New York, New York 10022, Attn: Shoshana Carmel, IN GOOD FUNDS ONLY:

A.  On or before November 15, 2016, the Debtor shall remit to the Secured Creditors duly executed counterparts of this Stipulation contemporaneously with the interest payment of THIRTY THOUSAND and 00/100 DOLLARS ($30,000.00) (the "<u>Interest Payment</u>").

B.  Commencing on December 15, 2016 and continuing on January 15, 2017, (and in the event that the Debtor exercises its Option as set forth herein below, on February 15, 2017 and also on March 15, 2017), the Debtor shall remit to the Secured

6

Creditors, such additional respective Interest Payments of THIRTY THOUSAND and 00/100 DOLLARS ($30,000.00) each.

4.   <u>Settlement Amount</u>.  In the event that the Debtor (i) tenders payment to the Secured Creditors sufficient to pay off the Loans in the sum of FIFTEEN MILLION, THREE HUNDRED TWELVE THOUSAND, ONE HUNDRED EIGHTY ONE and 43/100 DOLLARS ($15,312,181.43),[1] so as to be received by the Secured Creditors by the Deadline (unless extended as set forth in Section 5), and (ii) the Debtor is not otherwise in default under the terms of this Stipulation or the Loan Documents, the Secured Creditors will agree to reduce the default rate of interest otherwise accruing under the terms of the Loans from the Default Rate as set forth in the Loan Documents of twenty-four (24%) percent per annum, to eighteen (18%) percent per annum, retroactive to the date of the Defaults, through and including the date of payment (the "<u>Settlement Amount</u>").  In furtherance thereof, the Parties acknowledge that as of the date hereof, the Secured Creditors have provided the Debtor with a detailed statement setting forth the sum necessary to settle the Loans in full by tendering the Settlement Amount by or before the Deadline.  For the avoidance of doubt, assuming the Debtor intends to avail itself of the Settlement Amount, the Debtor agrees and acknowledges that as of November 15, 2016, at an interest rate of eighteen (18%) percent per annum retroactive to the date of the Defaults, the sum of not less than FOURTEEN MILLION, NINE HUNDRED TWENTY FOUR THOUSAND, SIX HUNDRED EIGHTY ONE and 43/100 DOLLARS ($14,924,681.43) would be due and payable to the Secured Creditors at an aggregate per diem interest rate of $5,000.00 thereafter.

5.   <u>The Option</u>.

---

[1] This sum represents the amount due under the Loan at a rate of eighteen (18%) per annum from the date of the Defaults through the Deadline.

7

a. The Debtor shall have the option of extending the Deadline once, by a period of sixty (60) days (the "Extension Period") from the Deadline (the "Extended Deadline")[2] by providing the Secured Creditors with (a) not less than three (3) business days' notice in advance of its decision to extend, and (b) a single payment of $100,000.00 (the "Forbearance Extension Fee"),[3] so to be received by the Secured Creditors by wire transfer not later than 4:00 p.m. EST, at least one business day in advance of the Deadline, TIME BEING OF THE ESSENCE (the "Option"). The Parties further agree, that in the event that the Debtor properly exercises the Option, interest on the then outstanding balances due and owing under the Loans shall accrue at a rate of twenty (20%) percent per annum of the then outstanding principal sum, per annum, during the Extension Period and that the Debtor shall be required to request a new payoff from the Secured Creditors to determine all amounts due and owing the Secured Creditors (the "Payoff Amount") through and including the Extended Deadline. For the avoidance of doubt, interest to be charged in the event that the Debtor exercises the Option, shall be the Settlement Amount through and including the Deadline, with an additional twenty (20%) percent per annum through and including the Extended Deadline.

---

[2] Through and including March 31, 2017 by 4:00 p.m.
[3] For the avoidance of doubt, the Forbearance Extension Fee shall be paid to the Secured Creditors as consideration for the Option and shall not be credited towards the indebtedness due in connection with the Loan.

8

6. *Evidence of Marketing*. Within twenty-five (25) days after the Bankruptcy Court's entry of this Stipulation, the Debtor shall provide evidence of its best efforts to market and sell the Property by emailing same to counsel for the Secured Creditors at the email address set forth herein below.

7. *Events of Default*. Notwithstanding anything to the contrary herein, in the event that the Secured Creditors do not timely receive any (a) Interest Payment within two (2) business days of the schedule set forth in Section 3 above, and after the expiration of a Notice to Cure as set forth in paragraph 12 herein, (b) full payment of the Settlement Amount by or before the Deadline, or in the event that the Debtor exercises the Option, the Payoff Amount by or before the Extended Deadline, (c) evidence that the Debtor has commenced an action and/or proceeding to reduce or eliminate outstanding taxes purportedly due at the Property by November 2, 2016, *time being of the essence* as to the Debtor's performance with respect to each of the foregoing requirements set forth herein, then in any such case, the Settlement Amount or if applicable the Payoff Amount, shall no longer be available to the Debtor, and the Secured Creditors may file an Affirmation of Non-Compliance with this Court, thereby terminating the Secured Creditors' obligation to refrain from enforcing its state law rights in connection with the Loan Documents, including, but not limited to resuming the prosecution of the Foreclosure Action and foreclosing the Mortgage in accordance with the terms and conditions of the JFS. In the event that the Debtor fails to (x) payoff the Loans by or before the Deadline as may be extended, or, if applicable, (y) payoff the Loans by the Extended Deadline (after tendering the Forbearance Extension Fee and securing the Option, as required herein above), the Debtor understands and acknowledges that the full amounts due and owing under the Loans at the Default Rate as set forth in the Loan Documents and the Claim, plus all applicable interest, fees, costs and other applicable charges, shall again

9

become due and owing by the Debtor, from the date of the Defaults, as if this Stipulation never existed.

8. <u>No Modification</u>.  For the avoidance of doubt, this Stipulation and Order, shall in no way alter the obligation between Debtor and/or obligors under the Loan and related Loan Documents, including, without limitation, the Note and/or Mortgage, which shall remain in full force and effect, and have not been released, waived, modified, altered or in any way diminished by agreement, course of conduct or otherwise, and may be enforced according to their terms against the Debtor and/or any other party subject to be bound by the Loan Documents.

9. <u>Release</u>.  As additional consideration for entering into this Stipulation and upon receipt of Bankruptcy Court approval of this Stipulation, the Debtor immediately releases the Secured Creditors from any and all claims with respect to the Loans, the Loan Documents or the Property, which it presently has, ever had or will have against the Secured Creditors, including, without limitation, the Secured Creditors' directors, officers, shareholders, members, managers, partners, agents, employees, representatives, attorneys and other professionals, subsidiaries, predecessors and affiliates, and any successor in interest in any of them.

10. <u>Affirmation</u>.  As additional consideration for entering into this Stipulation, the Debtor (i) affirms the validity of the full amount of the Claim, plus all applicable interest, fees, costs and other applicable charges, (ii) the Debtor consents to the Secured Creditors conducting of a foreclosure sale on a date that is subsequent to the passing of the Deadline, and (iii) agrees not to seek a stay thereof, or take any other actions to impede the Secured Creditors' ability to conduct a foreclosure sale.

11. <u>Consideration</u>.  As additional consideration for entering into this Stipulation, the Debtor (i) agrees that it has no defenses and/or offsets to the Claim, (ii) agrees that it shall pay the

Secured Creditors in full in the amount set forth in this agreement, (iii) affirms the validity and amount set forth in the JFS and (iv) affirms the validity and amount of the Claim, plus all applicable interest, fees, costs and other applicable charges, which Claim the Debtor hereby agrees and acknowledges is valid, binding and enforceable.

12. <u>Notice to Cure</u>.  In the event that the Debtor defaults in making timely Interest Payments as contemplated in this Stipulation, the Secured Creditors shall serve a three (3) day Notice to Cure upon counsel to the Debtor by overnight courier and electronic mail at [knash@gwfglaw.com](knash@gwfglaw.com).  The Secured Creditors' obligation to transmit a Notice to Cure shall be limited to two (2) occurrences, before the Secured Creditors may elect to exercise any remedies available to them at law or in equity.

13. <u>Payment of Claim in Full</u>.  Payments from the Debtor as contemplated by the Deadline or the Extended Deadline, shall be paid to the Secured Creditors upon a sale of the Property in an amount necessary to satisfy the Claim, plus all applicable interest, fees, costs and other applicable charges in full as contemplated herein.

14. <u>Reservation of Rights</u>.  Notwithstanding any plan of reorganization that the Debtor may have previously filed, nothing contained herein shall be intended to, or have the effect of precluding the Secured Creditors from filing their own plan seeking to conduct a sale of the Property through this Court, subject only to the Debtor's ability to pay the Claim, plus all applicable interest, fees, costs and other applicable charges in full by the Deadline.

15. <u>Retention of Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Stipulation.

16.     <u>Counterparts</u>.  This Stipulation may be executed in one or more counterparts and by facsimile or e-mail, all of which shall be considered one and the same agreement, and shall become effective on the date that (a) one or more such counterparts have been signed by each of the Parties and delivered to all Parties and (b) this Stipulation becomes a final, non-appealable order as approved by the Bankruptcy Court.

17.     <u>Authority</u>.  The undersigned hereby certify that they are duly authorized to execute this Stipulation, and agree on behalf of their respective clients, to the form substance and entry of this Stipulation.

STIPULATED AND AGREED:

Dated: New York, New York
       November 14, 2016

| KRISS & FEUERSTEIN, LLP | GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP |
|---|---|
| *Attorneys for SDF85 78th Street 1, LLC* | *Attorneys for the Debtor* |
| *SDF85 78th Street 2, LLC* | |
| By: *s/ Jerold C. Feuerstein* | By: *J. Ted Donovan* |
| Jerold C. Feuerstein, Esq. | Kevin J. Nash, Esq. |
| Jason S. Leibowitz, Esq. | J. Ted Donovan, Esq. |
| 360 Lexington Avenue, Suite 1200 | 1501 Broadway, 22nd Floor |
| New York, New York  10017 | New York, New York 10036 |
| (212) 661-2900 | (212) 301-6944 |
| (212) 661-9397 - facsimile | (212) 422-6836 - facsimile |
| jfeuerstein@kandfllp.com | knash@gwfglaw.com |
| jleibowitz@kandllp.com | tdonovan@gwfglaw.com |

12