UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>261 East 78 Lofts LLC,<br><br>　　　　　　　　　　Debtor. | Case No. 1:16-11644-shl<br>Chapter 11<br>Hon. Sean H. Lane<br>United States Bankruptcy Judge |

## **DECLARATION OF NON-COMPLIANCE**

Pursuant to 28 U.S.C. § 1746, Brian Shatz declares as follows:

1. I am a manager of SDF85 78th Street 1, LLC ("SDF1") and SDF85 78th Street 2, LLC ("SDF2" and together with SDF1, the "Secured Creditors"), secured creditors of 261 East 78 Lofts LLC (the "Debtor" and together with the Secured Creditors, the "Parties"), and mortgagees of the real property commonly known as 261 East 78th Street, New York, New York 10075, Block: 1433; Lot: 21 (the "Property"), and as such, am fully familiar with the facts of this case and the proceedings heretofore had herein.

2. I submit this *Declaration of Non-Compliance* (the "Declaration"), in accordance with the terms and conditions of this Court's *Order Granting Motion to Approve Stipulation and Consent Order Granting Relief from the Automatic Stay* dated January 3, 2017 [ECF No. 54] (the "Stay Relief Order"), which was entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January 3, 2017. A copy of the Stay Relief Order is annexed hereto as **Exhibit "A"**.

3. Indeed, the Stay Relief Order approved the terms and conditions contained in that certain *Stipulation and Consent Order Granting Relief from the Automatic Stay* dated November 15, 2016 (the "Stipulation"), between the Secured Creditors and the Debtor. A copy of the Stipulation is annexed hereto as **Exhibit "B"**.

4. Pursuant to Section 2 of the Stipulation, captioned *The Automatic Stay*, the Parties agreed, *inter alia*, that although the automatic stay terminated on January 3, 2017, the Secured Creditors would refrain from taking any further efforts to foreclose the Mortgage[1] until

> (i) [T]he earlier of "an uncured event of default hereunder, and (ii) January 31, 2017 (the "Deadline") subject to the Debtor's ability to exercise a one-time option to extend the Deadline pursuant to the terms and conditions discussed more fully below under Section 5.

5. In addition, Section 4 of the Stipulation captioned *Settlement Amount* provides in pertinent part as follows:

> In the event that the Debtor (i) tenders payment to the Secured Creditors sufficient to pay off the Loans in the sum of FIFTEEN MILLION, THREE HUNDRED TWELVE THOUSAND, ONE HUNDRED EIGHTY ONE and 43/100 DOLLARS ($15,312,181.43),[2] **so as to be received by the Secured Creditors by the Deadline (unless extended as set forth in Section 5)**, and (ii) the Debtor is not otherwise in default under the terms of this Stipulation or the Loan Documents, the Secured Creditors will agree to reduce the default rate of interest otherwise accruing under the terms of the Loans from the Default Rate as set forth in the Loan Documents of twenty-four (24%) percent per annum, to eighteen (18%) percent per annum, retroactive to the date of the Defaults, through and including the date of payment (the "Settlement Amount"). In furtherance thereof, the Parties acknowledge that as of the date hereof, the Secured Creditors have provided the Debtor with a detailed statement setting forth the sum necessary to settle the Loans in full by tendering the Settlement Amount by or before the Deadline. (emphasis added).

6. The Stipulation at Section 5, captioned *The Option*, further provided the Debtor with the ability to extend the Deadline, pursuant to the terms and conditions contained therein when it set forth in pertinent part as follows:

> The Debtor shall have the option of extending the Deadline once, by a period of sixty (60) days (the "Extension Period") from the Deadline (the

---

[1] Capitalized terms used herein but not otherwise defined shall have the sale meanings given to them as in the Stipulation (as defined herein).
[2] This sum represents the amount due under the Loan at a rate of eighteen (18%) per annum from the date of the Defaults through the Deadline.

2

> "Extended Deadline") **by providing the Secured Creditors with (a) not less than three (3) business days' notice in advance of its decision to extend, and (b) a single payment of $100,000.00 (the "Forbearance Extension Fee"),** *so to be received by the Secured Creditors by wire transfer not later than 4:00 p.m. EST, at least one business day in advance of the Deadline, TIME BEING OF THE ESSENCE* (the "Option"). The Parties further agree, that in the event that the Debtor properly exercises the Option, interest on the then outstanding balances due and owing under the Loans shall accrue at a rate of twenty (20%) percent per annum of the then outstanding principal sum, per annum, during the Extension Period and that the Debtor shall be required to request a new payoff from the Secured Creditors to determine all amounts due and owing the Secured Creditors (the "Payoff Amount") through and including the Extended Deadline. For the avoidance of doubt, interest to be charged in the event that the Debtor exercises the Option, shall be the Settlement Amount through and including the Deadline, with an additional twenty (20%) percent per annum through and including the Extended Deadline. (emphasis added).

7. In addition, the Stipulation at Section 7, captioned *Events of Default*, further provides in pertinent part as follows:

> Notwithstanding anything to the contrary herein, in the event that the Secured Creditors do not timely receive any (a) Interest Payment within two (2) business days of the schedule set forth in Section 3 above, and after the expiration of a Notice to Cure as set forth in paragraph 12 herein, (b) **full payment of the Settlement Amount by or before the Deadline … *time being of the essence*** as to the Debtor's performance with respect to each of the foregoing requirements set forth herein, **then in any such case, the Settlement Amount or if applicable the Payoff Amount, shall no longer be available to the Debtor, and the Secured Creditors may file an Affirmation of Non-Compliance with this Court, thereby terminating the Secured Creditors' obligation to refrain from enforcing its state law rights in connection with the Loan Documents, including, but not limited to resuming the prosecution of the Foreclosure Action and foreclosing the Mortgage in accordance with the terms and conditions of the JFS.** In the event that the Debtor fails to (x) payoff the Loans by or before the Deadline as may be extended, or, if applicable, (y) payoff the Loans by the Extended Deadline (after tendering the Forbearance Extension Fee and securing the Option, as required herein above), the Debtor understands and acknowledges that the full amounts due and owing under the Loans at the Default Rate as set forth in the Loan Documents and the Claim, plus all applicable interest, fees, costs and other applicable charges,

3

shall again become due and owing by the Debtor, from the date of the Defaults, as if this Stipulation never existed. (emphasis added).

8. Notwithstanding the foregoing, the Secured Creditors hereby declare that as of the date hereof, which is a date that is at least eight (8) days after the Debtor would otherwise have been required to provide the Secured Creditors with notice of its intention to elect to exercise the Option, the Debtor has failed and/or refused to provide the Secured Creditors or their counsel, with any such notice.

9. Furthermore, the Secured Creditors further declare, that as of the date hereof, which is a date subsequent to the passing of the Deadline, the Debtor has failed and/or refused to provide the Secured Creditors with the Forbearance Extension Fee.

10. Finally, the Secured Creditors further declare, that as of the date hereof, which is a date that is at least (3) days after the Deadline, the Debtor has failed and/or refused to provide the Secured Creditors with the Settlement Amount as it was expressly required to do pursuant to Section 4 of the Stipulation.

[Signature page follows this page]

_____
Brian Shatz, Manager

Sworn to before me this
3rd day of January 2017

_____
Notary Public

LISA GERECITANO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GE6350245
Qualified in Kings County
My Commission Expires 11-07-2020