UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                  Chapter 11

261 East 78 Lofts LLC,                                       Case No. 16-11644 (SHL)

                                        Debtor.
------------------------------------------------------------x

## DEBTOR'S OBJECTION TO DECLARATION OF NON-COMPLIANCE

Lee Moncho declares under the penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Managing Member of 261 East 78 Lofts LLC, Debtor herein (the "Debtor"). I respectfully submit this Declaration in opposition to the Declaration of Non-Compliance (the "Declaration") filed by SDF85 78th Street 1, LLC ("SDF1") and SDF85 78th Street 2, LLC ("SDF2" and together with SDF1, "Madison").

2. Madison has wrongly declared a default by the Debtor under the terms of the Stipulation and Consent Order Granting Relief from the Automatic Stay (the "Stipulation") that was approved by Order of this Court dated January 3, 2017 (ECF #54) (the "Order"). According to Madison, the Debtor purportedly failed to exercise its option to extend the deadline (the "Deadline") to pay the stipulated sum of $15,312,181.43 to Madison from January 31, 2017 to March 31, 2017. The extension was made available to the Debtor under the terms of the Stipulation upon payment of $100,000.

3. The Declaration does not address the actual course of dealings between the parties pursuant to which the Debtor advised Madison (albeit orally) that it intended to exercise the option, and thereafter acted in the belief that the extension was in effect, and in fact, paid the $100,000 in November 2016.

4. More particularly, when the Stipulation was being negotiated and first executed, Madison had in its possession four checks from the Debtor totaling $120,000 ($30,000 each), which Madison did not initially cash. These checks were issued prior to November, 2016.

5. Under the Stipulation, the Debtor agreed to make monthly payments of $30,000 for adequate protection beginning in November 2016.

6. Only after the Stipulation was initially signed did the Debtor first learn that Madison had subsequently cashed the $120,000 checks it was holding on or about November 14, 2016. A copy of the Debtor's November 2016 bank statement showing that the four checks were all honored on November 16, 2016 is annexed hereto as <u>Exhibit</u> "A".

7. The Debtor's counsel and I brought this to the attention of Madison's attorneys. Prior the beginning of the November 16, 2016 hearing we advised counsel for Madison, Mr. Feuerstein, that the Debtor intended to utilize the previously uncashed checks to fund the extension fee $100,000. Mr. Feuerstein indicated that something would be worked out, and we proceeded in that fashion.

8. Since the first payment was due under the Stipulation, and Madison was already holding $120,000, I personally delivered to Madison's counsel another check for $10,000 shortly after the November 16 court hearing for a total of $130,000, covering the $30,000 payment for November, and the $100,000 extension fee.

9. The Debtor subsequently made the $30,000 payments due in December, 2016 and January 2017 without any objection or notice of default from Mr. Feuerstein. In fact, the $10,000 check for November, and the two $30,000 checks for December and January were all presented for payment on January 27, 2017.

10. If, in fact, Madison did not agree to apply the $120,000 toward the $100,000 extension fee and part of the November payment, it should have long ago declared a default because the November payment would then be $20,000 short.

11. Not hearing anything from Madison to the contrary, the Debtor operated in the belief that the extension had been funded and was already in effect. We have continued to market the Debtor's property for sale, and took pro-active steps to reduce real estate taxes.

12. Indeed, the Debtor's focus in recent weeks has been on pursuing an adversary proceeding under Section 505(a) of the Bankruptcy Code seeking needed tax relief. A motion by the City seeking an order of abstention was last heard on January 24, 2016.

13. The City's motion was adjourned to February 15, 2016 to afford the Debtor an opportunity to complete a City mandated questionnaire, which is now complete and will be forwarded to the City simultaneously with this filing. A copy of the questionnaire is attached hereto as Exhibit "B".

14. Madison's counsel appeared at the last hearing, without any indication that the Deadline had not been extended. In fact, the Debtor's interaction with the City was predicated on the existing extension, since there would be no reason to continue the adversary proceeding in February without the extension.

15. Moreover, I have been in communication over the past several days with Madison's principals concerning the possibility of a further extension of the Deadline beyond March 31, 2017. We were about to schedule a meeting as per the chain of emails attached as Exhibit "C" when I received the Declaration. In fact, this very morning, Josh Zegen, one of the principals of Madison, offered the upcoming date of this Friday, February 10, 2017, for the meeting.

16. Given this history, it is disappointing that Madison is taking the position that the extension was not timely effectuated. To be sure, Madison is correct that no formal written notice of intent to exercise the option to extend was provided on January 31, 2017. However, this is because I had already indicated back in November the Debtor's desire to extend the maturity date of the Stipulation.

17. In short, Madison's sudden Declaration is a paradigm of form over substance and should not be permitted to stand. In fact, the payoff amount of $15,312,181.43 includes all accrued interest at 18% through January 31, 2017, and gives no credit to the $120,000 cashed by Madison on November 16, 2017. This further confirms that the $100,000 was paid weeks ago and applied to the extension fee.

18. In light of the foregoing, the Debtor contests the Declaration of Non-Compliance and submits that the automatic stay should remain in place.

Dated: New York, NY
      February 7, 2017

_____
Lee Moncho

X:\GWFG\New Data\Yen\Word\Moncho, Lee - 261 East 78 Lofts LLC\Declaration In Opposition To Default Notice 02-07-17 v4.Docx

-4-