UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                    Chapter 11

261 East 78 Lofts LLC,                                    Case No. 16-11644 (SHL)

                       Debtor.
-------------------------------------------------------------x

**ORDER CONFIRMING DEBTOR'S AMENDED PLAN
OF REORGANIZATION AND APPROVING SALE OF
DEBTOR'S REAL PROPERTY TO PERFECT JSK CORP.**

261 East 78 Lofts LLC (the "Debtor") having filed its Amended Chapter 11 Plan of Reorganization dated April 28, 2017 (ECF No. 74) (the "Plan"), predicated upon the private sale (the "Sale") of the Debtor's property located at 261 East 78th Street, New York, NY [designated as Block 1433, Lot 21] (the "Property") to Perfect JSK Corp. or its designee (the "Purchaser") for the sum of $17.0 million pursuant to a certain Asset Purchase Agreement dated April 25, 2017, as modified by the terms of this Order (the "Contract"); and the Court having previously entered an Order scheduling a combined hearing on May 11, 2017 (the "Confirmation Hearing") to consider confirmation of the Plan and final approval of the Debtor's Amended Disclosure Statement (ECF No. 76) (the "Disclosure Statement"); and the Debtor having transmitted the Plan to all creditors and other parties in interest as evidenced by the Affidavit of Service filed by Yan Yan Huang (ECF No. 77); and the respective objections to the Plan and Disclosure Statement filed by NYCTL 2016-A Trust and the Bank of New York Mellon as Collateral Agent (jointly, "NYCTL"), the City of New York (the "City"), Joseph Zelik ("Zelik"), and Besen & Associates, Inc. ("Besen") having been resolved or overruled as stated on the record of the Confirmation Hearing; and based upon the statements and proffer made by Kevin J.

Nash, as Debtor's counsel, in furtherance of Lee Moncho's Declaration (ECF No. 89); and the Court having made various findings in support of approving the Sale and confirming the Plan;

**THE COURT HEREBY FINDS AND DETERMINES[1] that:**

    A.    The Plan complies with all of the applicable provisions of Section 1129(a).

    B.    Each of the classes of impaired claims voted to accept the Plan as per the Certification of Ballots filed on May 10, 2017 by Ted Donovan (ECF No. 88).

    C.    The Sale of the Property to the Purchaser represents a sound exercise of the Debtor's business judgment and should be approved.

    D.    The private sale procedures employed by the Debtor were fair, reasonable and appropriate under the circumstances, given the Debtor's extensive efforts to procure a stalking horse buyer without success; the prior retention of Eastern Consolidated as broker, which was also unsuccessful in obtaining a stalking horse buyer; and the exigencies created by the pending foreclosure sale scheduled for May 24, 2017, which foreclosure sale was previously extended on the Debtor's prior application to provide one last and final opportunity to procure a buyer.

    E.    The Debtor has complied with the applicable provisions of Chapter 11 of the Bankruptcy Code in promulgating the Plan, as modified by this Order.

    F.    The Plan has been filed in good faith and not by any means forbidden by law.

---

[1] This Confirmation Order constitutes the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Rules 9014 and 7052. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. All terms defined in the Plan and Disclosure Statement shall have the same meanings for purposes of this Order.

G.    All payments made or promised to be made under the Plan have been disclosed to the Court, or, if such payments are to be fixed after confirmation of the Plan, will be subject to the subsequent approval of the Court.

H.    With respect to allowed administration and priority claims, each holder of such claim will be paid in full under the Plan after final Court approval and allowance of such claims.

I.    There has been sufficient and adequate notice of the Plan and the Confirmation Hearing.

J.    The Purchaser acted in good faith, without collusion or any other means forbidden by law, as established by the e-mail received from Purchaser's counsel and read into the record of the Confirmation Hearing, confirming that the Purchaser has no connection with Chaim Miller or Sam Sprei.

K.    The Purchaser is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code and, as such, is entitled to all the protections afforded thereby.

L.    The Purchaser does not constitute a successor to the Debtor or its estate and is acquiring the Property free and clear of all claims, liens, interests and taxes except for the Permitted Exceptions, as defined in Section 2 of the Contract, which Contract shall be deemed modified to include as Permitted Exceptions the mortgages identified on **Exhibit A** and **Exhibit B** hereto, which are to be assigned to Purchaser's lender at Closing (as defined in the Contract).

M.    The Plan is feasible based upon the sale of the Property to the Purchaser.

N.    All fees payable under section 1930 of title 28, United States Code, have been or will be paid by the Debtor through the closing of the Chapter 11 case.

**NOW THEREFORE, IT IS HEREBY ORDERED that:**

1. The Plan be, and the same is approved and confirmed in accordance with Section 1129(a) of the Bankruptcy Code.

2. The Debtor's Disclosure Statement be and the same is finally approved.

3. The Sale of the Property to the Purchaser pursuant to the Contract is hereby approved, and the Debtor is authorized to sell, transfer and convey the Property to the Purchaser, free and clear of all liens, claims, interests, and non-permitted encumbrances (with such liens, claims, interests and non-permitted encumbrances to attach to the proceeds of sale in the same order of priority as such liens, claims and encumbrances attached to the Property)

4. As part of the Sale, the Debtor is also authorized to assume and assign all existing commercial leases to the Purchaser, with the Purchaser to receive an adjustment in the purchase price for the following security deposits, subject to the Debtor's claims for unpaid rent and/or additional rent, including tax escalations, with all parties reserving all rights with respect to such rent and/or additional rent:

    (a) Upper East Summit ($32,000)
    (b) Equilibrium Physical Therapy LLC ($35,000)
    (c) New York Allergy & Asthma PLLC ($46,500)
    (d) Upper East Smiles PC ($32,000)

5. The other tenants do not have allowed security deposit claims. Upper East Side Smiles shall have an unsecured claim of $98,000 for tenant improvements.

6. The sale and transfer of the Property to the Purchaser pursuant to the Contract (including the assumption and assignment of the commercial leases) is a legal, valid and effective disposition of the Property, and vests the Purchaser with all right, title and interest of the Debtor to and in the Property.

7. The Contract shall be binding and enforceable immediately upon entry of this Order.

8. In accordance with the terms of the Contract, SDF85 78th Street 1 LLC and/or SDF85 78th Street 2 LLC, both affiliates of Madison Realty Capital (collectively, the "Madison Capital Lenders"), shall assign their respective interests in the Property evidenced by the mortgages identified on **Exhibit** A and **Exhibit** B attached hereto and made a part hereof, to the Purchaser's lender, Cathay Bank, its successors and/or assigns, at or in conjunction with the Closing. These assignments are without recourse representation or warranty.

9. In the event of any inconsistency between the terms of the Contract and the terms of this Order, the terms of this Order shall control.

10. The Purchaser is a good faith buyer and will acquire the Property in good faith and for fair value within the meaning of § 363(m) of the Bankruptcy Code. The Contract and the transactions contemplated thereby may not be avoided under 11 U.S.C. § 363(n).

11. At the Closing (as defined in the Contract), the Debtor shall execute and/or deliver to Purchaser any documents, instruments, agreements or notices reasonably necessary to consummate the sale transaction, including, but not limited to, the assignments provided for in Paragraph 8 of this Order.

12. Kevin J. Nash, Esq. is hereby appointed attorney in fact for and authorized to execute all documents, instruments, agreements or notices reasonably necessary to consummate the sale transaction.

13. This Order is immediately effective upon entry. Accordingly, any stays under Bankruptcy Rules 3020(e), 6004(h) and under 6006(d) are waived.

14. To the extent valid, and subject to all objections by the Debtor and a claimed right to surcharge pursuant to Section 506(c) by Besen (which itself is subject to

5

objection by the Debtor), the alleged mortgage claim of Zelik shall attach to the proceeds of the sale, but for purposes of the closing of the Sale, the mortgage shall be deemed satisfied.

15. The following payments shall be made at the Closing of the Sale, which was, pursuant to Section 4.1 of the Contract, originally scheduled to occur no later than May 17, 2017 but is now, as provided for in this Order, scheduled to occur no later than May 23, 2017:

(a) the Madison Capital Lenders shall be paid from the Sale proceeds the sum of $15,000,000, being an amount equal to the agreed allowed reduced claim of the Madison Capital Lenders so long as payment is received by the Madison Capital Lenders prior to the foreclosure sale scheduled for May 24, 2017;

(b) The City's Department of Finance and Water Board, and NYCTL 2016-A Trust, and the Bank of New York Mellon as Collateral Agent and Custodian for the NYCTL 2016-A shall receive a cash distribution of the entire amount of their respective claims from the proceeds of the sale, inclusive of, but not limited to statutory interest. The Debtor reserves all of it rights to dispute the amount of the real estate taxes which are paid at the Closing, pursuant to its pending adversary proceeding entitled 261 East 78 Lofts LLC v. Tax Commission of the City of New York (Adv. Pro. No. 16-01227) (the "Adversary Proceeding"), whether it is finally determined in the Bankruptcy Court or remanded to the State Court. The City of New York's Abstention Motion filed in connection with the Adversary Proceeding is hereby adjourned to a later date to be fixed by the Court;

  (c) other standard closing costs and expenses owed by the Debtor, as a Seller in real estate transaction; and

  (d) all accrued U.S. Trustee fees.

 16. The balance of the Sale proceeds paid or received at Closing shall be held by the Debtor's counsel, as Disbursing Agent, and deposited into a separate interest bearing account in the name of the Debtor and for the benefit of the Debtor's bankruptcy estate (the "Escrow").

 17. The Debtor shall not make any disbursements from the Escrow prior to the entry of an Order resolving the claim asserted by Besen, absent further Order of the Court. The Order's findings in D and F shall not prejudice any claim by Besen with respect to its alleged commission, including its claimed right to surcharge under Section 506(c); and all rights are mutually reserved. The Debtor's objection to Besen's claim shall be subject to the following schedule:

  (a) May 26, 2017 – Deadline to file application for Administrative Expense
  (b) June 16, 2017 – Deadline for Debtor to file objection to application
  (c) June 30, 2017 – Deadline for Besen to reply
  (d) Hearing to be scheduled by the Court

 18. The prior deed dated February 27, 2014, by which title to the Property was transferred to the Debtor from 261 East 78 Realty Corp., and filed with the Clerk of New York County on March 25, 2014 as CRFN 2014000102133, which incorrectly states the name of the Debtor as 261 East 78 Street Lofts LLC is hereby deemed amended to state the name of the Debtor as 261 East 78 Lofts LLC.

 19. The delivery of a deed by the Debtor to the Purchaser is an instrument of transfer made in furtherance of and is contemplated by the confirmed Plan, and thereby shall be exempt from the imposition and payment of any transfer, stamp, recording or similar taxes to the fullest extent within the meaning of Section 1146(a) of the Bankruptcy Code, including any state or

7

city mortgage recording tax, deed and transfer taxes (collectively, the "Recording Taxes"), and the recording officers are directed to accept and record the deed without payment of such Recording Taxes.

20. This Order shall be binding upon all filing agents, filing officers, title agents, title companies, registrars of deeds, governmental departments, secretaries of state, and all other persons and entities who may be required to accept, file, register, or otherwise record or release any documents or instruments relating to the Property.

21. This Court shall retain exclusive jurisdiction to implement and effectuate the provisions of the Plan and this Order, and to resolve any issues or disputes arising in connection therewith or the Sale itself.

22. The Plan shall be binding upon the Debtor and all creditors and equity holders of the Debtor, whether or not the claim of such creditor is impaired under the Plan, and whether or not such creditor has accepted the Plan.

23. If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity of any of the acts or obligations incurred or undertaken under or in connection with the Plan, the Sale of the Property to Purchaser, the issuance of a mortgage by the Purchaser's lender, or the execution and delivery of any related documents prior to the receipt of written notice of the same.

24. The Debtor shall be responsible to pay all fees owed to the U.S. Trustee under 28 U.S.C. §1930, together with any applicable interest thereon, until a final decree is entered in this case.

25. The Debtor shall file post-confirmation reports and move to close this bankruptcy case upon substantial consummation of the Plan.

26. All objections to claims or supplements to pending claim objections shall be filed by the Debtor in accordance with the provisions of Plan and this Order.

Dated: New York, NY
       May 17, 2017

                                              */s/ Sean H. Lane*
                                              United States Bankruptcy Judge

# EXHIBIT A

### $8,500,000.00 Mortgage to be Assigned

1. Acquisition Loan Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing dated April 27, 2007, made by 261 East 78 Realty Corp. to Broadway Bank, in the principal sum of $5,584,638.51, and recorded in the Office of the Register of the City of New York, New York County (the "Register's Office") on May 4, 2007 as CRFN 2007000233930;

   Which Mortgage 1 was thereafter assigned by an Assignment of Mortgage dated May 24, 2011 by The Federal Deposit Insurance Corporation, as receiver for Broadway Bank, to MB Financial Bank, N.A. and recorded in the Register's Office on June 2, 2011 as CRFN 2011000196117;

   Which Mortgage 1 was thereafter assigned by an Assignment of Mortgage dated February 27, 2014 by MB Financial Bank, N.A. to SDF85 78TH STREET 1 LLC recorded in the Register's Office on March 25, 2014 as CRFN 2014000102136;

2. Project Loan Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing dated April 27, 2007, made by 261 East 78 Realty Corp. to Broadway Bank, in the principal sum of $25,000.00, and recorded in the Register's Office on May 4, 2007 as CRFN 2007000233934;

3. Gap Project Loan Mortgage, Assignment of Leases and Rents and Security Agreement dated September 17, 2009, made by 261 East 78 Realty Corp. to Broadway Bank, in the principal sum of $180,000.00, and recorded in the Register's Office on October 7, 2009 as CRFN 2009000326926 (which mortgage was corrected by a Correction Gap Project Loan Mortgage, Assignment of Leases and Rents and Security Agreement dated September 17, 2009 and recorded in the Register's Office on October 22, 2009 as CRFN 2009000345960);

   Which Mortgages 2 and 3 were thereafter consolidated into one joint lien and first mortgage in the principal sum of $205,000.00 by the terms of a Consolidated, Amended and Restated Project Loan Mortgage, Assignment of Leases and Rents and Security Agreement dated September 17, 2009 between 261 East 78 Realty Corp. and Broadway Bank and recorded in the Register's Office on October 7, 2009 as CRFN 2009000326927;

   Which Mortgages 2 and 3, as consolidated, were thereafter assigned by an Assignment of Mortgage dated May 24, 2011 by The Federal Deposit Insurance Corporation, as receiver for Broadway Bank, to MB Financial Bank, N.A. and recorded in the Register's Office on June 2, 2011 as CRFN 2011000196119;

   Which Mortgages 2 and 3, as consolidated, were thereafter assigned by an Assignment of Mortgage dated February 27, 2014 by MB Financial Bank, N.A. to SDF85 78TH

STREET 1 LLC and recorded in the Register's Office on March 25, 2014 as CRFN 2014000102138;

4. Building Loan Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing dated April 27, 2007, made by 261 East 78 Realty Corp. to Broadway Bank, in the principal sum of $4,390,361.49, and recorded in the Register's Office on May 4, 2007 as CRFN 2007000233933;

5. Gap Building Loan Mortgage, Assignment of Leases and Rents and Security Agreement dated September 17, 2009, made by 261 East 78 Realty Corp. to Broadway Bank, in the principal sum of $2,295,000.00, and recorded in the Register's Office on October 7, 2009 as CRFN 2009000326924 (which mortgage was corrected by a Correction Gap Building Loan Mortgage, Assignment of Leases and Rents and Security Agreement dated September 17, 2009 and recorded in the Register's Office on October 22, 2009 as CRFN 2009000345959);

Which Mortgages 4 and 5 were thereafter consolidated into one joint lien and first mortgage in the principal sum of $6,865,361.49 by the terms of a Consolidated, Amended and Restated Building Loan Mortgage, Assignment of Leases and Rents and Security Agreement dated September 17, 2009 between 261 East 78 Realty Corp. and Broadway Bank and recorded in the Register's Office on October 7, 2009 as CRFN 2009000326925;

Which Mortgages 4 and 5, as consolidated, were thereafter assigned by an Assignment of Mortgage dated May 24, 2011 by The Federal Deposit Insurance Corporation, as receiver for Broadway Bank, to MB Financial Bank, N.A. and recorded in the Register's Office on June 2, 2011 as CRFN 2011000196118;

Which Mortgages 4 and 5, as consolidated, were thereafter assigned by an Assignment of Mortgage dated February 27, 2014 by MB Financial Bank, N.A. to SDF85 78th Street 1 LLC and recorded in the Register's Office on March 25, 2014 as CRFN 2014000102137;

Which Mortgages 4 and 5, as consolidated, have been severed by that certain Mortgage and Note Assumption and Severance Agreement dated February 27, 2014 between 261 EAST 78 LOFTS LLC and SDF85 78TH STREET 1 LLC, into three (3) separate mortgage liens, one such lien being in the amount of $2,710,361.49 and secured by a certain Substitute Mortgage A, which Mortgage and Note Assumption and Severance Agreement was recorded in the Register's Office on March 25, 2014 as CRFN 2014000102139; and

6. Substitute Mortgage A dated February 27, 2014, from 261 East 78 Lofts LLC to SDF85 78th Street 1 LLC, in the original principal amount of $2,710,361.49, and recorded in the Register's Office on March 25, 2014 as CRFN 2014000102140;

Which Mortgages 1, 2, 3 and 6 were thereafter consolidated into one joint lien and first mortgage in the principal sum of $8,500,000.00 by the terms of an Agreement of

11

Spreader, Consolidation and Modification of Mortgage dated February 27, 2014 between 261 East 78 Lofts LLC and SDF85 78th Street 1 LLC and recorded in the Register's Office on March 25, 2014 as CRFN 2014000102145;

Which Mortgages 1, 2, 3 and 6, as consolidated were thereafter collaterally assigned by a Collateral Assignment of Mortgage dated March 17, 2014 by SDF85 78th Street 1 LLC to Signature Bank and recorded in the Register's Office on March 26, 2014 as CRFN 2014000105042;

Which Mortgages 1, 2, 3 and 6 as consolidated were thereafter collaterally reassigned by Collateral Reassignment of Mortgage dated May ___, 2017 made by Signature Bank to SDF85 78th Street 2 LLC and submitted to be duly recorded in the Register's Office concurrently herewith;

## EXHIBIT B

### $1,500,000.00 Mortgage to be Assigned

1. Building Loan Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing dated April 27, 2007, made by 261 East 78 Realty Corp. to Broadway Bank, in the principal sum of $4,390,361.49, and recorded in the Office of the Register of the City of New York, New York County (the "Register's Office") on May 4, 2007 as CRFN 2007000233933;

2. Gap Building Loan Mortgage, Assignment of Leases and Rents and Security Agreement dated September 17, 2009, made by 261 East 78 Realty Corp. to Broadway Bank, in the principal sum of $2,295,000.00, and recorded in the Register's Office on October 7, 2009 as CRFN 2009000326924 (which mortgage was corrected by a Correction Gap Building Loan Mortgage, Assignment of Leases and Rents and Security Agreement dated September 17, 2009 and recorded in the Register's Office on October 22, 2009 as CRFN 2009000345959);

    Which Mortgages 1 and 2 were thereafter consolidated into one joint lien and first mortgage in the principal sum of $6,865,361.49 by the terms of a Consolidated, Amended and Restated Building Loan Mortgage, Assignment of Leases and Rents and Security Agreement dated September 17, 2009 between 261 East 78 Realty Corp. and Broadway Bank and recorded in the Register's Office on October 7, 2009 as CRFN 2009000326925;

    Which Mortgages 1 and 2, as consolidated, were thereafter assigned by an Assignment of Mortgage dated May 24, 2011 by The Federal Deposit Insurance Corporation, as receiver for Broadway Bank, to MB Financial Bank, N.A. and recorded in the Register's Office on June 2, 2011 as CRFN 2011000196118;

    Which Mortgages 1 and 2, as consolidated, were thereafter assigned by an Assignment of Mortgage dated February 27, 2014 by MB Financial Bank, N.A. to SDF85 78th Street 1 LLC and recorded in the Register's Office on March 25, 2014 as CRFN 2014000102137;

    Which Mortgages 1 and 2, as consolidated, have been severed by that certain Mortgage and Note Assumption and Severance Agreement dated February 27, 2014 between 261 EAST 78 LOFTS LLC and SDF85 78TH STREET 1 LLC, into three (3) separate mortgage liens, one such lien being in the amount of $1,500,000.00 and secured by a certain Substitute Mortgage B, which Mortgage and Note Assumption and Severance Agreement was recorded in the Register's Office on March 25, 2014 as CRFN 2014000102139; and

3. Substitute Mortgage B dated February 27, 2014, from 261 East 78 Lofts LLC, as mortgagor, in favor of SDF85 78th Street 1 LLC, as mortgagee, in the original principal

amount of $1,500,000.00, which Substitute Mortgage B was recorded in the Register's Office on March 25, 2014 as CRFN 2014000102141;

Which Substitute Mortgage B was thereafter assigned by an Assignment of Mortgage dated February 27, 2014 by SDF85 78th Street 1 LLC to SDF85 78th Street 2 LLC and recorded in the Register's Office on March 25, 2014 as CRFN 2014000102142;

Which Substitute Mortgage B in the principal sum of $1,500,000.00 by the terms of an Agreement of Spreader, Consolidation and Modification of Mortgage dated February 27, 2014 between 261 East 78 Lofts LLC and SDF85 78th Street 2 LLC and recorded in the Register's Office on March 25, 2014 as CRFN 2014000102148.

Which Substitute Mortgage B was assigned by a Collateral Assignment of Mortgage dated March 17, 2014 by SDF85 78th Street 2 LLC to Signature Bank and recorded in the Register's Office on March 26, 2014 as CRFN 2014000105040;

Which Substitute Mortgage B was thereafter collaterally reassigned by Collateral Reassignment of Mortgage dated May ___, 2017 made by Signature Bank to SDF85 78th Street 2 LLC and submitted to be duly recorded in the Register's Office concurrently herewith;

Which Substitute Mortgage B was thereafter assigned by Assignment of Mortgage dated June 24, 2015 by SDF85 78th Street 2 LLC to SDF85 78th Street 1 LLC and recorded in the Register's Office on August 12, 2015 as CRFN 2015000278861;