# EXHIBIT A

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
1133 Westchester Avenue
White Plains, New York 10604
Tel: (914) 872-7104
Fax: (914) 323-7001
Attn: David L. Tillem, Esq.
   Daniel B. Fix, Esq.
Our File No. 12205.00021
*Attorneys for Secured Creditor Joseph Zelik*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In Re:

   261 East 78 Lofts LLC,

                     Debtor.

-------------------------------------------------------x

Case No. 16-11644 (SHL)

Chapter 11

***SUBPOENA
AD TESTIFICANDUM
and
SUBPOENA
DUCES TECUM***

TO:   KRISS & FEUERSTEIN LLP
      360 Lexington Avenue, Suite 1200
      New York, New York 10017
      Attn: Jerald Feuerstein

PLEASE TAKE NOTICE that, pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure, and Rule 45 of the Federal Rules of Civil Procedure:

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above bankruptcy proceeding.

| Place of Deposition | Date and Time |
| --- | --- |
| WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP 1133 Westchester Avenue White Plains, New York 10604 | September 14, 2017 at 2:00 p.m. |

6614084v.1

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure, and Rule 45 of the Federal Rules of Civil Procedure:

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:  See the Document Requests set forth below.

| Place | Date and Time |
|---|---|
| WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP 1133 Westchester Avenue White Plains, New York 10604 | September 4, 2017 at 10:00 a.m. |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d) relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   August 1, 2017

By:
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
*Attorneys for Secured Creditor Joseph Zelik*

David L. Tillem
1133 Westchester Avenue
White Plains, New York 10604
Tel: (914) 872-7104
Fax: (914) 323-70001
File no.: 12205.00021

2

6614084v.1

## Definitions

Unless the context otherwise requires, the terms used herein shall have the following meanings:

A. "All" means all or any, and the term "any" means any or all.

B. "Bankruptcy Case" means that certain bankruptcy case styled *In re 261 East 78 Lofts LLC*, filed in the Bankruptcy Court.

C. "Debtor" means 261 East 78 Lofts LLC, and any Person, affiliate, subsidiary, division, unit, predecessor, partner, employee, agent or representative thereof, including, without limitation, Moncho and 261 Lofts Manager LLC.

D. "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of New York where the Debtor filed its Bankruptcy Case.

E. "Property" means 261 East 78th Street, New York, New York.

F. "Zelik" means secured creditor Joseph Zelik.

G. "Zelik Loan" refers to the $1.75 million dollar loan to Debtor from Zelik.

H. "Zelik Closing" refers to the February 28, 2014, closing on the Zelik Loan.

I. "Moncho" means Lee Moncho.

J. "Sprei" means Sam Sprei.

K. "Proof of Claim" means Zelik's proof of claim filed in the Bankruptcy Action.

L. "Kriss & Fuerestein" means Kriss & Fuerestein, LLP, and anyone acting or purporting to act on its behalf.

M. "C Noteholder" means 261 C Noteholder LLC.

N. "Miller" means Harry Miller a/k/a Chaim Miller.

O. "Objection" means Debtor's Objection to the Claim of Zelik and Counterclaim of Debtor against Zelik dated June 22, 2017.

P. "MB Financial" means MB Financial Bank N.A.

Q. "Operating Agreement" refers to the Debtor's operating agreement dated February 24, 2014, and any amendment thereto.

R. "Manager" refers to 261 Lofts Manager LLC.

3

S.     "Strook" means Strook & Strook & Lavan LLP, and anyone acting or purporting to act on its behalf.

T.     "Madison Capital" means Madison Realty Capital, and any Person, affiliate, subsidiary, division, unit, predecessor, partner, employee, agent or representative thereof, including, without limitation SDF85 78th Street 1 LLC ("SDF 1"), SDF85 78th Street 2 LLC ("SDF 2").

U.     "C Mortgage" refers to that certain Substitute Mortgage C on the Property in the amount of $2,275,486.32, which was assigned by C Noteholder to Zelik pursuant to an assignment of mortgage recorded in the Office of the City Registrar as CRFN #2014000147431.

V.     "Dong" means Chun Peter Dong.

W.     "Realty Corp." means 261 East 78 Realty Corporation.

X.     "Reliable Abstract" means Reliable Abstract Co., LLC, and any Person, affiliate, subsidiary, division, unit, predecessor, partner, employee, agent or representative thereof, including, without limitation, Arthur Deckelbaum

Y.     "Concerning" is intended to be construed in the broadest sense, and shall include, but not be limited to "referring or relating to," "constituting," "cc" or carbon or photocopy, "pertaining to," "evidencing," "reflecting," "describing," or "has anything to do with," and in each instance, directly or indirectly. These terms mean, without limitation, any reference or relationship which either (1) provides information with respect to the subject of inquiry, or (2) might lead to individuals who, or documents, which possess or contain information with respect to the subject of inquiry.

Z.     "Document" means the original and each copy, if different in any respect from the original (including handwritten notations or otherwise), and all drafts, attachments and supplements thereto (whether or not complete), of all writings of every kind and description, including, but not limited to: signed statements, papers, contracts, agreements, books, journals, ledgers, statements, memoranda, e-mails, reports, bills, invoices, worksheets, projections, notes, letters, correspondence, abstracts, advertisements, graphs, charges, audits, charges, balance sheets, income statements, check, drafts, diagrams, certificates, diaries, calendars, logs, recordings, instructions, lists meetings minutes, orders, resolutions, recitals, telegrams, wires, cables, telexes, telecopies, messages, resumes, summaries, tabulations, statistical analysis, tapes, computer printouts, input/output, computer systems (whether optical, visual or magnetic), computer files, audio cassettes, phonographic records, cassettes, films, photographs, digital data, storage items and devices (including, but not limited to, CDs, DVDs and DATs) and all other tangible forms upon which any handwriting, typing, printing, photostatic image, magnetic or electrical impulse, or other form of communication is recorded or reproduced.

AA.    "Communication" means any oral, written or electronic transmission of information, facts, opinions, belief, idea inquiry or statement, including, but not limited to, any letter, correspondence, electronic mail message, note, memorandum, conversation, meeting discussion,

4

telephone call, facsimile, telegram, telecopy, telex, seminar, conference, audio or visual presentation or message.

BB.  "Documents relating to" or "relate to," or words of similar effect, as to any subject means all documents that concern or constitute, refer or pertain to, discuss, embody, record, evidence or contain any information which is related in any way to that subject.

CC.  "Identify," with respect to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

DD.  "Identify," with respect to a document, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author's, addressee(s) and recipient(s).

EE.  "Person" or "entity" means any natural person or corporation, corporation division, corporate subsidiary, agency, organization, partnership, joint venture, syndicate, company, trust, firm, incorporated or unincorporated association or other form of legal entity.

FF.  "Petition Date" means June 3, 2016, the date Debtor's Voluntary Petition for Bankruptcy was filed.

GG.  "You" or "Your" means Kriss & Feuerstein, with offices located at 360 Lexington Avenue, Suite 1200, New York, New York 10017, and anyone acting or purporting to act on your behalf, including but not limited to Jerald Feuerstein.

## Instructions

1.  If any document is withheld on the basis of a claim of privilege, state with respect thereto the type of document (e.g., letter, memorandum, etc.), the date, author, the addressee or addresses, the subject matter and the nature of the privilege (e.g., attorney's work product).

2.  In producing the requested documents, even though the request may be directed to others, furnish all documents which are available to you, including documents in the possession of your auctioneers, accountants, financial advisors, attorneys, consultants or investigators, and not merely such documents that are in your possession.

3.  The requests which follow are to be regarded as continuing and you are requested to provide by way of supplementary compliance herewith such additional documents as you, or any other Person on your behalf, may hereafter obtain which will augment the documents produced in response to the requests below. Such additional documents are to be produced at the offices of Wilson, Elser, Moskowitz, Edelman & Dicker LLP promptly after they are received by said other Person or by you.

4.  Production is requested of documents in full, without abbreviation or expurgation.

5

6614084v.1

5. In the event that any document requested is known to have been lost, destroyed or otherwise disposed of, that document should be identified by indicating the date, subject matter, number of pages, originator and all Persons to whom distributed. The date of loss or destruction, manner of loss or destruction, reason for destruction or other disposition, Person authorizing destruction or other disposition, Person destroying or disposing of the document and custodian of the document on the date and time of loss, destruction or other disposition shall also be indicated.

6. Each response to these requests shall set for the request in full before each response. Separate responses shall be provided with respect to each request. If after a good faith search, you conclude that you do not have, or never have had, documents responsive to a particular request, please so state.

7. The words "and" and "or" shall each be construed both disjunctively and conjunctively. If you are of the opinion that any document request is subject to more than one interpretation, the appropriate interpretation is the one that makes the document request most inclusive.

8. The singular shall be construed to include the plural and vice-versa.

9. Unless otherwise specified, the applicable time period for the documents requested is from any time since **January 1, 2013**.

10. Bankruptcy terms including, without limitation, "New Value," "Antecedent Debt," "Insolvent" and "Substantially Contemporaneous Exchange" shall have the means ascribed to such terms as defined in title 11 of the United States Code or as have been previously interpreted, as the case may be, by courts located within the Second Circuit and the Second Circuit Court of Appeals.

## Manner of Production

Documents produced pursuant to this request should be either organized and labeled to correspond with the specific request pursuant to which they are being produced, or be produced as they are kept in the course of business. For all documents produced, identify the location and the files from which the document was taken, and the Person who normally would have possession or custody of the document or a copy thereof.

## Document Requests

1. All documents and communications relating to Your representation of Madison Capital related to the Zelik Closing.

2. All documents and communications relating to the assignment of C Mortgage from Madison Capital to C Noteholder.

3. All documents and communications relating to the Zelik Closing, including but not limited to:

   a. Zelik Loan Closing file;

6

6614084v.1

  b. Documents relating to any repayments made by Debtor to Zelik for the Zelik Loan;

  c. Documents relating to funds received by Debtor, or any other Person or entity, concerning the Zelik Loan from February 28, 2014 through the present.

4. All documents relating to any payments received by You from the proceeds of the Zelik Loan from February 28, 2014 through the present.

5. All documents and communications relating to any payments received by You from Reliable Abstract from February 27, 2014 through to the present.

6. All documents and communications between You and Reliable Abstract related to the Zelik Loan and/or Zelik Closing.

7. All documents and communications between You and any of the following persons and/or entities, concerning the offers, negotiations, and agreements relating to the purchase, sale, financing, or other transfer of any ownership interest or part thereof in the Property:

- Debtor;
- Manager;
- Miller;
- Zelik;
- Moncho;
- Sprei;
- C Noteholder;
- Dong;
- Madison Capital;
- Strook; and
- Reliable Abstract.

8. All documents and communications, including but not limited to the closing binder, relating to Your representation Madison Capital in preparation for, or representation or attendance at the closing concerning the Property conducted in February 27, 2014, and February 28, 2014, and any other related dates.

7

6614084v.1

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
1133 Westchester Avenue
White Plains, New York 10604
Tel: (914) 872-7104
Fax: (914) 323-7001
Attn: David L. Tillem, Esq.
　　　Daniel B. Fix, Esq.
Our File No. 12205.00021
*Attorneys for Secured Creditor Joseph Zelik*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In Re:

　　　261 East 78 Lofts LLC,

　　　　　　　　　　　　Debtor.

------------------------------------------------------------x

Case No. 16-11644 (SHL)

Chapter 11

***SUBPOENA
DUCES TECUM***

TO:　PERKINS COIE LLP
　　　30 Rockefeller Plaza, 22nd Floor
　　　New York, NY 10112

　　　PLEASE TAKE NOTICE that, pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure, and Rule 45 of the Federal Rules of Civil Procedure:

　　　YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below: **See the Document Requests set forth below.**

| Place | Date and Time |
|---|---|
| WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP 1133 Westchester Avenue White Plains, New York 10604 | November 29, 2017 at 10:00 a.m. |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d) relating to

6744266v.1

your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 1, 2017

                              WILSON, ELSER, MOSKOWITZ,
                              EDELMAN & DICKER LLP
                              *Attorneys for Secured Creditor Joseph Zelik*

By:    _____
        David L. Tillem
        Daniel D. Fix
        1133 Westchester Avenue
        White Plains, New York 10604
        Tel: (914) 872-7104
        Fax: (914) 323-70001
        File no.: 12205.00021

2

6744266v.1

## Definitions

Unless the context otherwise requires, the terms used herein shall have the following meanings:

A. "All" means all or any, and the term "any" means any or all.

B. "Bankruptcy Case" means that certain bankruptcy case styled *In re 261 East 78 Lofts LLC*, filed in the Bankruptcy Court.

C. "Debtor" means 261 East 78 Lofts LLC, and any Person, affiliate, subsidiary, division, unit, predecessor, partner, employee, agent or representative thereof, including, without limitation, Moncho and 261 Lofts Manager LLC.

D. "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of New York where the Debtor filed its Bankruptcy Case.

E. "Property" means 261 East 78th Street, New York, New York.

F. "Zelik" means secured creditor Joseph Zelik.

G. "Zelik Loan" refers to the $1.75 million dollar loan to Debtor from Zelik.

H. "Zelik Closing" refers to the February 28, 2014, closing on the Zelik Loan.

I. "Moncho" means Lee Moncho.

J. "Sprei" means Sam Sprei.

K. "Proof of Claim" means Zelik's proof of claim filed in the Bankruptcy Action.

L. "Kriss & Feuerstein" means Kriss & Feuerstein, LLP, and anyone acting or purporting to act on its behalf.

M. "C Noteholder" means 261 C Noteholder LLC.

N. "Miller" means Harry Miller a/k/a Chaim Miller.

O. "Objection" means Debtor's Objection to the Claim of Zelik and Counterclaim of Debtor against Zelik dated June 22, 2017.

P. "MB Financial" means MB Financial Bank N.A.

Q. "Operating Agreement" refers to the Debtor's operating agreement dated February 24, 2014, and any amendment thereto.

R. "Manager" refers to 261 Lofts Manager LLC.

3

S. "Strook" means Strook & Strook & Lavan LLP, and anyone acting or purporting to act on its behalf.

T. "Madison Capital" means Madison Realty Capital, and any Person, affiliate, subsidiary, division, unit, predecessor, partner, employee, agent or representative thereof, including, without limitation SDF85 78th Street 1 LLC ("SDF 1"), SDF85 78th Street 2 LLC ("SDF 2").

U. "Perkins Coie" means Perkins Coie LLP.

V. "Madison Capital Loan" refers to the loan to Debtor from Madison Capital.

W. "C Mortgage" refers to that certain Substitute Mortgage C on the Property in the amount of $2,275,486.32, which was assigned by Madison Capital to C Noteholder and from C Noteholder to Zelik pursuant to an assignment of mortgage recorded in the Office of the City Registrar as CRFN #2014000147431.

X. "Madison Capital Closing" refers to the February 27, 2014, closing on the Madison Capital Loan.

Y. "Dong" means Chun Peter Dong.

Z. "Realty Corp." means 261 East 78 Realty Corporation.

AA. "Reliable Abstract" means Reliable Abstract Co., LLC, and any Person, affiliate, subsidiary, division, unit, predecessor, partner, employee, agent or representative thereof, including, without limitation, Arthur Deckelbaum

BB. "Concerning" is intended to be construed in the broadest sense, and shall include, but not be limited to "referring or relating to," "constituting," "cc" or carbon or photocopy, "pertaining to," "evidencing," "reflecting," "describing," or "has anything to do with," and in each instance, directly or indirectly. These terms mean, without limitation, any reference or relationship which either (1) provides information with respect to the subject of inquiry, or (2) might lead to individuals who, or documents, which possess or contain information with respect to the subject of inquiry.

CC. "Document" means the original and each copy, if different in any respect from the original (including handwritten notations or otherwise), and all drafts, attachments and supplements thereto (whether or not complete), of all writings of every kind and description, including, but not limited to: signed statements, papers, contracts, agreements, books, journals, ledgers, statements, memoranda, e-mails, reports, bills, invoices, worksheets, projections, notes, letters, correspondence, abstracts, advertisements, graphs, charges, audits, charges, balance sheets, income statements, check, drafts, diagrams, certificates, diaries, calendars, logs, recordings, instructions, lists meetings minutes, orders, resolutions, recitals, telegrams, wires, cables, telexes, telecopies, messages, resumes, summaries, tabulations, statistical analysis, tapes, computer printouts, input/output, computer systems (whether optical, visual or magnetic), computer files, audio cassettes, phonographic records, cassettes, films, photographs, digital data, storage items and devices (including, but not limited to,

4

CDs, DVDs and DATs) and all other tangible forms upon which any handwriting, typing, printing, photostatic image, magnetic or electrical impulse, or other form of communication is recorded or reproduced.

DD. "Communication" means any oral, written or electronic transmission of information, facts, opinions, belief, idea inquiry or statement, including, but not limited to, any letter, correspondence, electronic mail message, note, memorandum, conversation, meeting discussion, telephone call, facsimile, telegram, telecopy, telex, seminar, conference, audio or visual presentation or message.

EE. "Documents relating to" or "relate to," or words of similar effect, as to any subject means all documents that concern or constitute, refer or pertain to, discuss, embody, record, evidence or contain any information which is related in any way to that subject.

FF. "Identify," with respect to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

GG. "Identify," with respect to a document, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author's, addressee(s) and recipient(s).

HH. "Person" or "entity" means any natural person or corporation, corporation division, corporate subsidiary, agency, organization, partnership, joint venture, syndicate, company, trust, firm, incorporated or unincorporated association or other form of legal entity.

II. "Petition Date" means June 3, 2016, the date Debtor's Voluntary Petition for Bankruptcy was filed.

JJ. "You" or "Your" means Perkins Coie as defined above in paragraph "U."

## Instructions

1. If any document is withheld on the basis of a claim of privilege, state with respect thereto the type of document (e.g., letter, memorandum, etc.), the date, author, the addressee or addresses, the subject matter and the nature of the privilege (e.g., attorney's work product).

2. In producing the requested documents, even though the request may be directed to others, furnish all documents which are available to you, including documents in the possession of your auctioneers, accountants, financial advisors, attorneys, consultants or investigators, and not merely such documents that are in your possession.

3. The requests which follow are to be regarded as continuing and you are requested to provide by way of supplementary compliance herewith such additional documents as you, or any other Person on your behalf, may hereafter obtain which will augment the documents produced in response to the requests below. Such additional documents are to be produced at the offices of

Wilson, Elser, Moskowitz, Edelman & Dicker LLP promptly after they are received by said other Person or by you.

4. Production is requested of documents in full, without abbreviation or expurgation.

5. In the event that any document requested is known to have been lost, destroyed or otherwise disposed of, that document should be identified by indicating the date, subject matter, number of pages, originator and all Persons to whom distributed. The date of loss or destruction, manner of loss or destruction, reason for destruction or other disposition, Person authorizing destruction or other disposition, Person destroying or disposing of the document and custodian of the document on the date and time of loss, destruction or other disposition shall also be indicated.

6. Each response to these requests shall set for the request in full before each response. Separate responses shall be provided with respect to each request. If after a good faith search, you conclude that you do not have, or never have had, documents responsive to a particular request, please so state.

7. The words "and" and "or" shall each be construed both disjunctively and conjunctively. If you are of the opinion that any document request is subject to more than one interpretation, the appropriate interpretation is the one that makes the document request most inclusive.

8. The singular shall be construed to include the plural and vice-versa.

9. Unless otherwise specified, the applicable time period for the documents requested is from any time since January 1, 2013.

10. Bankruptcy terms including, without limitation, "New Value," "Antecedent Debt," "Insolvent" and "Substantially Contemporaneous Exchange" shall have the means ascribed to such terms as defined in title 11 of the United States Code or as have been previously interpreted, as the case may be, by courts located within the Second Circuit and the Second Circuit Court of Appeals.

## Manner of Production

Documents produced pursuant to this request should be either organized and labeled to correspond with the specific request pursuant to which they are being produced, or be produced as they are kept in the course of business. For all documents produced, identify the location and the files from which the document was taken, and the Person who normally would have possession or custody of the document or a copy thereof.

6744266v.1

## Document Requests

1. All Documents and Communications concerning the $1,150,000 wire payment from Reliable Abstract and received by Perkins Coie on January 24, 2014.

2. All Communications between Perkins Coie, specifically, Schuyler Carroll and Sam Sprei concerning the purchase of the Property.

3. All Communications between Perkins Coie and Reliable Abstract or Jacob Deckelbaum.

4. All Documents and Communications concerning the payoff or satisfaction of any and all indebtedness of Realty Corp. to MB Financial between October 1, 2013 and March 31, 2014.

5. All Documents and Communications concerning the transfer, assignment or payoff of any and all mortgages held on the Property by MB Financial.

6. All Communications between Perkins Coie and any Person or entity concerning the Madison Capital Closing.

Joseph Zelik reserves his right to serve additional Subpoenas *Duces Tecum*.

Date: November 1, 2017

                                            WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
*Attorneys for Secured Creditor Joseph Zelik*

By: _____
David L. Tillem
Daniel B. Fix
1133 Westchester Avenue
White Plains, New York 10604
Tel: (914) 872-7104
Fax: (914) 323-70001
File no.: 12205.00021

7