# EXHIBIT C

Schuyler G. Carroll
PERKINS COIE LLP
30 Rockefeller Center, 22nd Floor
New York, NY  10112-0085
Telephone: 212.262.6900
Facsimile: 212.977.1649
Email: scarroll@perkinscoie.com

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In Re:                  :     Chapter No. 11

261 East 78 Lofts LLC,        :

                            Case No.: 16-11644 (SHL)

       Debtor,          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## NON-PARTY PERKINS COIE LLP AMENDED OBJECTIONS AND RESPONSES TO SECURED CREDITOR'S SUBPOENA *DUCES TECUM*

Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), non-party Perkins Coie LLP

("Perkins") hereby responds to the Subpoena to Produce Documents, Information, or Objects,

dated December 19, 2017, (the "Subpoena") issued by Secured Creditor Joseph Zelik ("Secured

Creditor") in the above-captioned matter, as follows:

### GENERAL OBJECTIONS

1.     Perkins objects generally to the requests contained in the Subpoena, issued

pursuant Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45, dated December 19, 2017 (the

"Requests"), including the definitions and instructions applicable thereto, on the grounds set

forth below.

2.     Perkins objects generally to the requests contained in the Subpoena for the reason

that Perkins did not receive the Subpoena until the purported deadline to respond had passed and

138457136.3

that service was made via a method highly unlikely to reach Perkins before the purported deadline.

3.      These general objections are hereby incorporated by reference into the responses made with respect to each separate Request, whether or not mentioned expressly in any particular response. The inclusion of any specific objection to a Request in a response below is not intended as, nor shall in any way be deemed, a waiver of any general objection for any specific objections made herein or that may be asserted at another date. In addition, the failure to include any general or specific objection to a request at this time is not intended as a waiver of Perkins' rights to assert that or any other objection at a later date, which Perkins reserves to the greatest extent permitted by law.

4.      Perkins objects to each Request to the extent that it seeks to impose obligations beyond those required by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules or any other orders of the court presiding over this matter.

5.      Perkins objects to each Request to the extent that it seeks the production of documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity. Perkins will not produce such privileged materials or disclose such privileged materials or information. Any inadvertent disclosure thereof shall not be deemed a waiver of any applicable privilege or doctrine. Nothing contained in these responses is intended to be, or in any way shall be deemed, a waiver of the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or doctrine.

6.      Perkins objects to each Request to the extent it seeks the production of documents containing confidential, privileged or irrelevant information, and reserves the right to redact any confidential, privileged or irrelevant information.

-2-

138457136.3

7.    Perkins objects to each Request to the extent that it seeks the production of documents and things that cannot be located after a reasonable inquiry. Any objection, or lack of objection to a Request, or any offer by Perkins to produce documents is not an admission by Perkins that it possesses documents related to the Request.

8.    Perkins objects to any Request seeking production of documents that are neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

9.    Perkins objects to each Request to the extent that it seeks to compel Perkins to provide documents and things not within the Perkins' possession, custody or control.

10.    Perkins objects to any Request to the extent that it seeks publicly available documents or information. Such documents are equally convenient for Secured Creditor to obtain, thus there is no reason to burden Perkins unnecessarily to search for and produce such documents.

11.    Perkins objects to any Requests to the extent that it seeks disclosure of information within the purview of Rule 1.6 of the New York Rules of Professional Responsibility ("Rule 1.6"), which requires the client's informed consent prior to disclosure. Perkins will seek to obtain such consent, but can make no representations as to whether such consent will be forthcoming.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

12.    Perkins objects to the Definitions and Instructions set forth in the Subpoena to the extent they purport to enlarge, expand, or alter the plain meaning and scope of any Request in a manner that results in an enlargement, expansion, or alteration that renders the Request vague, ambiguous, unduly broad, or unduly burdensome.

-3-

12.    Perkins objects to the Definitions and Instructions to the extent they differ or purport to impose any requirements, which are beyond the requirements of the Federal Rule of Bankruptcy Procedure, the Federal Rule of Civil Procedure, the Local Rules or any orders of this Court.

13.    Perkins objects to the Instruction regarding producing documents in electronic format. Perkins will provide documents as they are held in the normal course of business.

## SPECIFIC OBJECTIONS TO REQUESTS

**REQUEST NO. 1:**

All Documents and Communications concerning the $1,150,000 wire payment from Reliable Abstract and received by Perkins Coie on January 24, 2014.

**RESPONSE TO REQUEST 1:**

Perkins incorporates the foregoing general objections as if fully set forth herein. Perkins objects to this Request on the grounds that it is overly broad, and unduly burdensome. Perkins further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable protection. Perkins further objects to any Requests to the extent that it seeks disclosure of information within the purview of Rule 1.6, which requires the client's informed consent prior to disclosure.

**REQUEST NO. 2:**

All Communications between Perkins Coie, specifically, Schuyler Carroll and Sam Sprei, concerning the purchase of the Property.

**RESPONSE TO REQUEST 2:**

Perkins incorporates the foregoing general objections as if fully set forth herein. Perkins objects to this Request on the grounds that it is overly broad, and unduly burdensome. Perkins

-4-

further objects to this Request to the extent it calls for the production of documents protected by

the attorney-client privilege, attorney work product doctrine, or any other applicable protection.

Perkins further objects to any Requests to the extent that it seeks disclosure of information within

the purview of Rule 1.6, which requires the client's informed consent prior to disclosure.

**REQUEST NO. 3:**

All Communications between Perkins Coie and Reliable Abstract or Jacob Deckelbaum.

**RESPONSE TO REQUEST 3:**

Perkins incorporates the foregoing general objections as if fully set forth herein. Perkins

objects to this Request on the grounds that it is overly broad, and unduly burdensome. Perkins

further objects to this Request to the extent it calls for the production of documents protected by

the attorney-client privilege, attorney work product doctrine, or any other applicable protection.

Perkins further objects to any Requests to the extent that it seeks disclosure of information within

the purview of Rule 1.6, which requires the client's informed consent prior to disclosure.

**REQUEST NO. 4:**

All Documents and Communications concerning the payoff or satisfaction of any and all

indebtedness of Realty Corp. to MB Financial between October 1, 2013 and March 31, 2014.

**RESPONSE TO REQUEST 4:**

Perkins incorporates the foregoing general objections as if fully set forth herein. Perkins

objects to this Request on the grounds that it is overly broad, and unduly burdensome. Perkins

further objects to this Request to the extent it calls for the production of documents protected by

the attorney-client privilege, attorney work product doctrine, or any other applicable protection.

Perkins further objects to any Requests to the extent that it seeks disclosure of information within

the purview of Rule 1.6, which requires the client's informed consent prior to disclosure.

138457136.3

**REQUEST NO. 5:**

All Documents and Communications concerning the transfer, assignment or payoff of any and all mortgages held on the Property by MB Financial.

**RESPONSE TO REQUEST 5:**

Perkins incorporates the foregoing general objections as if fully set forth herein. Perkins objects to this Request on the grounds that it is overly broad, and unduly burdensome. Perkins further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable protection. Perkins further objects to any Requests to the extent that it seeks disclosure of information within the purview, which requires the client's informed consent prior to disclosure.

**REQUEST NO. 6:**

All Communications between Perkins Coie and any Person or entity concerning the Madison Capital Closing.

**RESPONSE TO REQUEST 6:**

Perkins incorporates the foregoing general objections as if fully set forth herein. Perkins objects to this Request on the grounds that it is overly broad, and unduly burdensome. Perkins further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable protection. Perkins further objects to any Requests to the extent that it seeks disclosure of information within the purview, which requires the client's informed consent prior to disclosure.

138457136.3

Dated:  February 9, 2018
       New York, New York

**PERKINS COIE LLP**


/s/ Schuyler G. Carroll
Schuyler G. Carroll
30 Rockefeller Center, 22nd Floor
New York, NY  10112-0085
Telephone: 212.262.6900
Facsimile: 212.977.1649
Email: scarroll@perkinscoie.com

138457136.3